IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GLENN LACY DURHAM,  §<br>    Petitioner  §<br>  §<br>VS.  §<br>  §<br>DOUG DRETKE, DIRECTOR,  §<br>TEXAS DEPARTMENT OF CRIMINAL§<br>JUSTICE–INSTITUTIONAL DIVISION§<br>    Respondent  § | C.A. NO. C-05-550 |

## OPINION AND ORDER OF DISMISSAL

Petitioner is an inmate in the Texas Department of Criminal Justice - Institutional Division, ("TDCJ-ID"), and currently is incarcerated at the McConnell Unit in Beeville, Texas. Proceeding *pro se,* petitioner filed this habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 2254 on November 16, 2005, challenging his Kleberg County convictions for murder and injury to a child (D.E. 1). Petitioner claims that (1) his convictions were obtained in violation of the Double Jeopardy Clause of the United States Constitution and his counsel was ineffective for failing to raise this issue, (2) the evidence at his trial was insufficient to convict him, and (3) the indictment was defective.

## JURISDICTION

Petitioner was convicted in Kleberg County, Texas. This court has jurisdiction over the petition pursuant to 28 U.S.C. §§ 2241, 2254; Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## BACKGROUND

On January 13, 1996, a jury in the 105th District court of Kleberg County, Texas, convicted petitioner of murder and injury to a child (D.E. 1 at p. 2). He was sentenced to serve two concurrent life sentences (Id.). Petitioner appealed the judgment and it was affirmed by the Thirteenth Court of Appeals on February 22, 2001 (Id. at 3). Petitioner filed a petition for discretionary review which was refused on June 20, 2001 (Id.). His application for writ of habeas corpus in state court on was denied August 14, 2001 (Id. at 4). On September 13, 2002, petitioner filed his petition for habeas corpus in this court (Durham v. Cockrell, No. 2:02cv396). The Honorable Janis G. Jack denied petitioner relief on the merits (2:02cv396, D.E. 15, 19, 20). His appeal was dismissed on July 14, 2003 (2:02cv396, D.E. 26). Petitioner alleges he filed a second writ of habeas corpus in state court and it was denied (D.E. 1 at p. 4), but he failed to supply the date of filing or the date of denial. Petitioner filed this petition on November 16, 2005, along with an application for leave to proceed *in forma pauperis* and a motion for permission to file a successive petition (D.E. 2, 3).

## APPLICABLE LAW

The enactment of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996)("AEDPA") made it "significantly harder for prisoners filing second or successive federal habeas applications under 28 U.S.C. § 2254 to obtain hearings on the merits of their claims." Graham v. Johnson, 168 F.3d 762, 772

(5th Cir. 1999), cert. denied, 529 U.S. 1097, 120 S.Ct. 1830, 146 L.Ed.2d 774 (2000). "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). A claim presented in a second or successive application that was not presented in a prior application must be dismissed unless: (1) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and but for the constitutional error, no reasonable fact finder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. "Indeed, the purpose of [§ 2244(b)] was to eliminate the need for the district courts to repeatedly consider the challenges to the same convictions unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000)(citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

A petition is "second or successive" if it raises a ground that was or could have been raised in an earlier petition, or if it otherwise constitutes an abuse of the writ. United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000). Petitioner's prior

3

habeas action raised the issue of sufficiency of the evidence (2:02cv396, D.E. 15 at pp. 13-14). He has also raised new claims in this petition: (1) his conviction was obtained in violation of the Double Jeopardy clause, (2) his counsel was ineffective for failing to raise the Double Jeopardy issue; (3) his indictment was defective. These issues could have been raised in petitioner's first petition. The petition is clearly "second or successive."

This court lacks jurisdiction over a habeas action that is "second or successive." See Key, 205 F.3d at 774; Hooker v Sivley, 187 F.3d 680, 681-82 (5th Cir. 1999). Accordingly, the petition must be dismissed. Petitioner's claim that the evidence at his trial was insufficient to support conviction, raised in an earlier § 2254 petition must be dismissed with prejudice pursuant to 28 U.S.C. § 2244(b)(1). Petitioner's double jeopardy claim, his claim that his counsel was ineffective for failing to raise the double jeopardy claim, and his claim that his indictment was defective, must be dismissed without prejudice so that petition may seek permission from the Fifth Circuit Court of Appeals to file the claims.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA

because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000)(emphasis added). It is unnecessary for the Court to decide whether petitioner has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists could not disagree that his petition is second or successive, and he must first seek permission of the Fifth Circuit Court of Appeals to file it. Accordingly, petitioner is not entitled to a COA.

5

## CONCLUSION

Petitioner's claim that the evidence at his trial was insufficient to support conviction, raised in an earlier § 2254 petition, is dismissed with prejudice pursuant to 28 U.S.C. § 2244(b)(1). Petitioner's double jeopardy claim, his claim that his counsel was ineffective for failing to raise the double jeopardy claim, and his claim that his indictment was defective, are dismissed without prejudice so that petitioner may seek permission from the Fifth Circuit Court of Appeals to file those claims. 28 U.S.C. §§ 2244(b)(2) & 2244(b)(3). Petitioner's motion for permission to file a second or successive petition (D.E. 3) is denied without prejudice because this court does not have jurisdiction to decide it. Petitioner's application for leave to proceed *in forma pauperis* (D.E. 2) is denied as moot. If petitioner files a notice of appeal and seeks a certificate of appealibility, his COA is denied.

ORDERED this ____4____ day of December, 2005.

_____
HAYDEN HEAD
CHIEF JUDGE